UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY DARNEL STOVALL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-00786 |
| COLLECTION SPECIALISTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, GREGORY DARNEL STOVALL ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of COLLECTION SPECIALISTS, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

4. Plaintiff is a 47 year old natural person currently residing at 3923 Dr. Martin Luther King Jr. Boulevard, Anderson, Indiana, which is located within the Southern District of Indiana.

5. Plaintiff suffers from kidney failure which has resulted in him being placed on dialysis. He is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant states, "We are a full service Collection Agency, serving all of Indiana."[1] From its headquarters located at 922 Meridian Plaza, Anderson, Indiana, Defendant is in the business of collecting the delinquent consumer debts of its clients, including several medical debts allegedly owed by Plaintiff.

8. Defendant is an Indiana corporation that is licensed with the Indiana Secretary of State bearing control number 198201-709.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1982.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to Plaintiff's physical condition, he has accumulated a large amount of medical obligations from various providers. Lacking income, most of Plaintiff's medical bills have gone unpaid. He regularly receives calls and correspondences seeking payment on different medical

---

[1] http://www.csianderson.com/contact-us/
[2] http://www.acainternational.org/memberdirectory.aspx

debts from wide variety of companies. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. With the goal of evaluating his financial situation, Plaintiff pulled his credit report in March 2016. One of the companies listed on the report was Defendant. *See* Exhibit A.

13. On March 31, 2016, Plaintiff called Defendant seeking information as to why it was appearing on his credit report. Upon calling Defendant, Plaintiff was connected to a female representative who did not disclose her name. *Id.*

14. Defendant told Plaintiff that he had various accounts in its office. Three of the accounts were from Bridges, Campbell, & Woodall Medical Corporation ("BCW"). Defendant stated the accounts with BWC were in the amounts of $315.00, $145.00, and $118.00. *Id.*

15. In addition to the BWC accounts, Defendant also advised there was an account from Medical Specialist in the amount of $305.00. *Id.*

16. The total amount of the accounts placed with Defendant is $883.00 ("subject consumer debts").

17. Lacking income, Plaintiff asked Defendant what would happen if he could not pay the subject consumer debts. Defendant responded, "It will stay on your credit until we pull the information that we need to pursue you legally." *Id.*

18. At no point during the conversation on March 31, 2016 did Defendant advised Plaintiff that it was acting as a debt collector. Additionally, Defendant did not disclose that any information Plaintiff gave would be used for the purpose of debt collection. *Id.*

19. Upon information and belief, BWC and Medical Specialist turned the collection of the subject consumer debts over to Defendant after Plaintiff's default.

20. Concerned over his phone call with Defendant, specifically the reference to legal action, Plaintiff instructed CLP to bring the instant proceedings.

21. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

22. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

23. Plaintiff has been misled and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

26. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the March 31, 2016 call with Plaintiff. Defendant did not specifically advise Plaintiff it was acting as a debt collector that was attempting to collect on a debt at any point during the conversation. This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers. Additionally, Defendant did not advise Plaintiff that any information it gained as a result of the conversation would be used for the purpose of collecting on the subject consumer debts.

27. Due to his physical condition and lack of income, Plaintiff regularly receives collection calls and correspondences seeking payment on medical debts. It is very difficult for him to distinguish between original parties of interest and third-party collection agencies.

28. As a sophisticated and experienced debt collector, Defendant knows that consumers are more likely to pay an original creditor as opposed to a collection agency. Similarly, Defendant knows that it is required to make the above disclosures during all of its contacts with consumers. Plaintiff alleges that Defendant routinely ignores making these disclosures during its telephonic debt collection activity in order to increase its collection rate. Defendant's communication was misleading and sought to gain an unfair advantage over Plaintiff.

29. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.
>
> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken; The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer."
> 15 U.S.C. §§1692e, e(5), and e(10).

30. Defendant violated 15 U.S.C. §§1692d, e, e(5), e(10), and f during the March 31, 2016 phone call. During this call, Defendant referenced legal action against Plaintiff. At the time legal action was mentioned, no party had initiated any legal proceedings against Plaintiff with respect to the subject consumer debts. Plaintiff asserts that given the small dollar amounts of each of the accounts that make up the subject consumers debts and Plaintiff's lack of income, Defendant had no intention of bringing legal action against him.

31. At the time the statement regarding legal action was made, Defendant had no intention of filing a lawsuit against Plaintiff regarding the subject consumer debts. As an experienced and sophisticated debt collector, Defendant knows that it cannot harass or threaten consumers with actions that it does not intent to undertake. Additionally, Defendant knows that consumers are particularly sensitive to threats of legal action. Armed with the above knowledge, Defendant made a generalized statement threatening legal action when in reality it had no intention of making good on its threat.

32. The above conduct by Defendant was misleading, false, harassing, and unfair. As plead in paragraphs 20 through 23, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, GREGORY DARNEL STOVALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2016

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC

                                                          435 N. Michigan Ave., Suite 1609
                                                          Chicago, Illinois 60611
                                                          (267) 422-1000 (phone)
                                                          (267) 422-2000 (fax)
                                                          nate.v@consumerlawpartners.com
                                                          davidklain@aol.com